IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 09-744-4 |
| MOUSSA ALI HAMDAN | : | |

### FORFEITURE MONEY JUDGMENT

IT IS HEREBY ORDERED THAT:

1. As a result of the defendant's convictions, the defendant is required, pursuant to 18 U.S.C. §§ 492, 981(a)(1)(C) and (G), 982(a)(2)(B) and (a)(6)(A) and 2323(b)(1), and 28 U.S.C. § 2461(c), to criminally forfeit his interest in any property, real or personal, which constitutes, or is derived from proceeds traceable to the criminal violations by the defendant and his co-defendants, as charged in Counts Three and Five through Thirty-One of the Indictment.

2. Based on the defendant's convictions, the government avers that the sum of $5,000,000 is subject to forfeiture as a result of the defendant's illegal acts. In his plea agreement, the defendant agreed not to contest forfeiture as set forth in the Notice of Forfeiture, which alleged that, among other things, a sum including but not limited to $5,000,000 was forfeitable in a forfeiture money judgment. See Notice of Forfeiture ¶ 1(a). This sum is the amount of the property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offenses and the government has established the requisite nexus between such sum and such offenses. Specifically, the defendant agreed with the government's factual basis during his guilty plea colloquy. That factual basis described how the defendant and his co-defendants conspired to provide material support to a foreign terrorist organization, trafficked in counterfeit currency and false passports, and trafficked in stolen and counterfeit

goods.

3. A money judgment in the amount of $5,000,000 is hereby entered against the defendant.

4. Upon entry of this Order, the United States is authorized to conduct any discovery necessary to identify and locate property subject to forfeiture as substitute assets, in accordance with Fed.R.Crim.P. 32.2(b)(3).

5. Because the government seeks only a money judgment and does not seek the forfeiture of any specific asset at this time, advertisement of the judgment and third-party proceedings are not required. Fed.R.Crim.P. 32.2(c)(1) (no ancillary proceedings to address third party claims required where forfeiture consists of money judgment).

6. Pursuant to Fed.R.Crim.P. 32.2(b)(3), this Forfeiture Money Judgment shall become final as to all persons at the time of sentencing and must be made part of the sentence and included in the judgment.

7. The Court shall retain jurisdiction to enforce this Forfeiture Money Judgment, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2(e).

8. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Forfeiture Money Judgment to the United States Marshal Service and to counsel for the parties.

ORDERED this 15th day of July, 2013.

_____
HONORABLE STEWART DALZELL
United States District Judge