AO 243 (Rev. 2/95)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District EASTERN DISTRICT OF PENNSYLVANIA |
|---|---|
| Name of Movant MOUSSA ALI HAMDEN | Prisoner No. 61846-066 | Case No. 09-CR-00744-04 |

Place of Confinement  FCI MCKEEN/ PO BOX 8000/ BRADFORD, PA 16701

UNITED STATES OF AMERICA  V.  MOUSSA ALI HAMDEN (name under which convicted)

### MOTION

1. Name and location of court which entered the judgment of conviction under attack  U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA/21400 U.S. COURTHOUSE/ 601 MARKET ST. PHILADELPHIA, PA 19106

2. Date of judgment of conviction  APRIL 20, 2012 (PLEA ENTERED)

3. Length of sentence  132 MONTHS

4. Nature of offense involved (all counts)  Counts 3 and 5 through 31 of the indictment, 18 U.S.C. 2339B, 371, 473, 1543, 2314, 2320 and 1001.

5. What was your plea? (Check one)
   (a) Not guilty ☐
   (b) Guilty ☒
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:
   n/a

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☐
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐   No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒   No ☐

(2)

AQ 243   (Rev. 2/95)

9. If you did appeal, answer the following:

   (a) Name of court   U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

   (b) Result   LATER VOLUNTARILY DISMISSED

   (c) Date of result   See. 13-3274

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
    Yes ☐   No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

       (2) Nature of proceeding _____

       (3) Grounds raised _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?
           Yes ☐   No ☐

       (5) Result _____

       (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

       (1) Name of court _____

       (2) Name of proceeding _____

       (3) Grounds raised _____

(3)

AO 243   (Rev. 2/95)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☐

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.    Yes ☐   No ☐
(2) Second petition, etc.  Yes ☐   No ☐

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

(4)

AO 243   (Rev. 2/95)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: SENTENCING ENTRAPMENT/ACTUAL INNOCENCE, INEFFECTIVE ASSISTANCE OF COUNSEL.

Supporting FACTS (state *briefly* without citing cases or law): PETITIONER WAS ENTRAPED INTO COMMITING AN OTHERWISE NON-PREDISPOSED CRIME. PLEASE MEMORANDUM OF LAW ATTACHED FOR FULL BRIEFING.

B. Ground two: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

C. Ground three: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

(5)

AO 243   (Rev. 2/95)

D. Ground four: _____

Supporting FACTS (state *briefly* without citing cases or law): _____

_____
_____
_____
_____
_____

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

_____
_____
_____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐   No ☐

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a) At preliminary hearing _____

    (b) At arraignment and plea _____

    (c) At trial _____

    (d) At sentencing _____

(6)

AO 243   (Rev. 2/95)

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
    Yes ☐   No ☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
    Yes ☐   No ☐

    (a) If so, give name and location of court which imposed sentence to be served in the future: _____

    (b) Give date and length of the above sentence: _____

    (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    Yes ☐   No ☐

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_____
Date

_____
Signature of Movant

(7)

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | Case No. 09-cr-00744-04 |
| | § | |
| MOUSSA ALI HAMDEN     Petitioner | § | |

**COMES NOW**, Moussa Ali Hamden (Petitioner) and will respectfully move this Honorable Court for relief pursuant to Title 28 U.S.C. § 2255. In support of this request, the follow facts and averments are presented:

### BRIEF HISTORY OF THE CASE

THE PETITIONER in this case was charged in a multicount indictment charging as pertinent here, Count 3 and Counts 5 through 31 with conspiracy to deal in counterfeit securities, dealing in counterfeit securities, conspiracy to commit passport fraud, passport fraud, conspiracy to transport stolen goods, transporting stolen goods, conspiracy to traffic in counterfeit goods, trafficking in counterfiet goods and services, false statements to government officials, and conspiracy to commit passport fraud, alledging violations of 18 U.S.C. §§ 2339B, 371, 473, 1543, 2314, 2320, and 1001. Petitioner then entered a guilty plea to all charges, pursuant to a negociated plea agreement entered on April 20, 2012. Then on October 17, 2013, this Court imposed a sentence of 132 months imprisonment.

. Notice of appeal was later filed and docketed under No. 13-3274. However, this appeal was later dismissed by the petitioner under attorney advise. Accordingly this section 2255 motion is timely filed.

-1-

APPLICABLE LEGAL STANDARDS UNDER 28 U.S.C. § 2255

Section 2255 of Title 28 United States Code, is intended to remedy fundamental defects in a criminal prosecution. **United States v. Addonizio, 442 U.S. 178, 185, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1975).** This form of collateral attack is therefore available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000). See also 28 U.S.C. § 2255(a). The United States Supreme Court has defined a "miscarriage of justice" as a claim of actual innocence. See, **United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).**

In this case, it is respectfully avered that just such a miscarriage of justice transpired in that the petitioner is actually inncent of the charge of "Conspiring/ attempting to provide material support to a forein terrorist organization," as charged in Count Three: 18 U.S.C. § 2339B. This charge was in fact utilized by the United States Government to "entrap" the defendant/petitioner for sentencing purposes.

## GROUND ONE: SENTENCING ENTRAPMENT/ACTUAL INNOCENCE, INEFFECTIVE ASSISTANCE OF COUNSEL

First and foremost, and in anticipation of a government response in opposition to this claim, the writer of this respectfully submits that it is in most cases understood that because of the limited availability of relief under § 2255 as iterated supra, a petitioner may normally not utilized a : 2255 motion for a substitute for a direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, the general rule is that a claim not raised on direct appeal is procedurally defaulted and may not provide the basis for relief under § 2255 absent a showing of "cause" for the omission and prejudice resulting therefrom. see, e.g., **Bousley v. United States, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998).**

-2-

In this case, the petitioner did voluntarily dismiss his direct appeal on advise from counsel, and in any case, this claim has not been presented before this, the district court where the error of law occurred in the first place. Therefore, it is more properly presented in the first instance before this Court, i.e., the prerequisite for such an appellate Court jurisdictional issue under 28 U.S.C. § 1295, 28 U.S.C. § 1338. Also, "cause" for failure to raise an issue on direct appeal must be something external to the petitioner, somthing that cannot **fairly** be attributable to him.'" **Coleman v. Thompson, 501 U.S. 722, 753, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991).** "Prejudice" requires a showing that the error "so infected the entire procedings that the resulting conviction violate due process." Frady, 546 U.S. at 169.

One important exception to the rule is that a claim for ineffective assistance of counsel may be brought in a collateral attack under § 2255 regardless of whether it could have been raised on direct appeal, on the theory that ineffective assistance of counsel itself provides the "cause" for the failure to appeal the issue. See, **Massaro v. United States, 538 U.S. 500,504, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003).**

In this claim, the issue is specific to the charge under 18 U.S.C. 2339B, in that this charge was brought about by the government with the sole purpose of greatly enhancing the available sentencing exposure for a case that otherwise involved mere counterfit goods for sale internationally. The petitioner in this case is guilty only of the charges related to engaging in business transactions involving stolen and/or counterfeit goods. The "terrorism-related charges," are completely false to the point of being ridiculous. It was, from the start of the investigation, completely known by the U.S. Government that the petitioner had absolutely no political, religious, or other ideological involvement with any terrorist organizations; yet it, the government constructed this aspect of the case for the sole purpose of greatly enhancing the otherwise low sentencing exposure applicable to the defendant/petitioner, i.e., he has absolutely no criminal record or prior charges.

-3-

## SENTENCING ENTRAPMENT

Sentencing entrapment or manipulation is a doctrine developed and adopted in several Federal Circuit Court of Appeal. It occurs when "a defendant, although predisposed to commit a minor or lesser offense, is entrapped into commiting a greater offense subject to greater punishment."...Sentencing entrapment or manipulation is similar to traditional notions of entrapment in that it is not a complete defense to criminal charges and, therefore, though it cannot serve as a basis for aquittal, it instead provides a convicted defendant the opportunity for a reduced sentence. Entrapment and its related due process defenses are based on the notion that it "serves no justifying social objective" for the government "to creat new new crime for the sake of bringing charges against a person [it] had persuaded to participate in wrongdoing." **United States v. West, 511 F.2d 1083, 1085 (3d Cir. 1975).** Despite there common intellectual origin, however, the two defenses are not identical and require distinct inquiries to properly apply. On the other hand, the defense of due process focuses exclusively on the conduct of the government. If that conduct is "so outrageous" as to be "shocking to the universal sense of justice," then the Due Process Clause can function as an "absolut[e] bar [on] the government from invoking judicial process to obtain a conviction." United States v. Russell, 411 U.S. 423, 431-32, 93 S.Ct. 1637, 36 L.Ed. 2d 366 (1973).

After the September 11, 2001, terrorist attacks, President George W. Bush signed Executive Order Number 13,224. The executive order declared a national emergency as a result of the threat to national security from terrorist attacks, and ordered the freezing of funds of individuals and entities that provide support, services, or assistance to, or otherwise associated with, terrorists and terrorist organizations designed under the order. The Order also authorizes the Secretary of State, in consultation with the Secretary of Treasury and the Attorney General, to designate additional enteties that provide material support to terrorist organizations. See, Exec. Order No. 13,224, 66 Fed. Reg. 49079 (Sept.23 2001).

-4-

The point to this recittal is that the result of it as applicable to this petitioner is that the government, in its utilization of the Order, has abused its power and therefore defeated the actual purpose and indeed reason for the Order. In other words, it was not designed to be used to entrap otherwise non-predisposed individuals into commiting crimes for the sole purpose of establishing a high rate of arrests, or also, and as in this case, for the purpose of greatly enhancing the sentencing exposure of a person who is otherwise one who has no criminal record, and therefore subject only to sentencing exposure for crimes only of fraudulent merchandise.

As noted above, "[t]he element of non-predisposition to commit an offense is the primary focus of an entrapment defense." See, e.g., United States v. Fedroff, 874 F.2d 178, 182 (3d Cir.1989). United States v. Gambino, 788 F.2d 938, 944 (3d Cir. 1986). It is said to be a "relatively limited defense" that may defeat a prosecution only 'when the government's deception actually implants the criminal design in the mind of the defendant.'" Fedroff, 874 F.2d at 181 (quoting Russell, 411 U.S. at 435-36). Once properly raised by the defendant, "the government has the burden to disprove the whole (entrapment) defense beyond a reasonable doubt.

In this case, the events leading up to the prosecution began when around the end of the year 2006, the petitioner was given a phone number of an informant by his cousin. This was done for the sole purpose of the petitioner being able to make contact with a suposed buyer for stolen merchandise, only. Contact was then made by telephone, and the informant identified himself as Alex. A meating was then conducted in the parking lot of a Walmart store (in Pennsylvania) where a deal was discussed for the purchase of a large quantity of "Pre-paid telephones." Next, after the passage of about one year, the petitioner's phone rang, and he answered it only to discover a caller he never met before identifying himself only as "George" and speaking in Arabic. The petitioner of course asked 'George' how he had gotten his phone number and George declared that he aquired it from "Alex." This George then commensed to discuss the posibility of the petitioner purchasing from him as well, a quantity

of telephones for resale. to this, the petitioner agreed that he would like to purchase the telephones then offered. From there on, a business relationship was established between the two and various other transactions involving merchandise for resale transpired. However, and important here, after some months of this, George began to inquire about the petitioner's possible ability to perchase "Counterfit money." In other words, this is the point in time at which the person acting as a government agent began to entice the petitioner into committing a crime of which he was not predisposed into committing. In fact, the enticement   began by convincing the petitioner that he "George" would set a very lucrative deal involving a supposed large consinement of merchandise from a "Macy's" store. However, the supposed deal was premised completely upon the petitioner's supposed ability to aquire counterfit money, which he truely had no ability to obtain. Next. after subsequently returning to the United States, Petitioner called George on the phone to inquire about the supposed Macy's clothes deal. To this, he was told it would take place in a week or so, and that the petitioner was invited to lunch to discuss it further. The petitioner agreed, and when George arrived at the meet, they arrived in a large black limousine. In the limousine was a man introduced as "Ray," and was supposedly a very big Boss type person in the illegal murchandise business. These individuals were most likely all government agents. In other words, with such resources, these agents had to know very well that the person they were setting up (Petitioner) had absolutely no ties with any terrorist's organizations. In fact at this point in time, George instructed the petitioner to make a phone call to Lebenon, and put him on the phone to a person known only to the petitioner as "Deeb." Then, when speaking with this Deeb, the agent (George) asked 'Deeb' if the  conection was with "Hizbollah." To this, the petitioner specifically inquired of George, why he was mentioning this organization on his (the petitioner's) telephone. In summary, because of the petitioner's having introduced George to Deeb, he was subsequently a victim of the sentencing entrapment issue here.

-6-

## THE SENTENCING EXPOSURE IN THIS CASE

The sentencing exposure in this case was minimal without the application of the greatly enhanced range brought about by the entrapment issues iterated supra. In fact, the maximum terms of imprisonment for the counts charged other than the Title 18 U.S.C. § 2339B Count Five, Seven, Nine, 20, 29, 30, and 31 is five years, pursuant to 18 U.S.C. §§ 371, 1001, and 2. The maximum term of imprisonment for Count Six 20 years pursuant to 18 U.S.C. §§ 437. The maximum term of imprisonment for Count Eight is 25 years, pursuant to 18 §1543. The maximum term of imprisonment for Counts 10 through 19 and 21 through 28 is ten years, pursuant to 18 U.S.C. §§ 2314 et seq.

However, the defendant/petitioner in this case has absolutely no prior criminal convictions, leaving him with an otherwise minimal sentencing exposure. Notwithstanding, the sentencing exposure resultant of the entrapment factor as to the Count Three count of conviction carries a 15 years, but, the addition of this charge effectively placed the defendant/petitioner in a Guidelines Category of VI, with an accompanying offense level of 35, producing as it is, an advisory range of 292-365 months imprisonment. Where he would have otherwise been exposed only to advisory sentencing ranges resultant of category I, of the Sentencing Table. Wherefore, it is respectfully contended that prejudice results, i.e., as to the second prong of the Strickland test.

It is well established that ineffective assistance of counsel claims are evaluated under the familiar two part standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See, also Williams v. Taylor, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). First, the petitioner must demonstrate that his attorney's performance was deficient, that is, "counsels representation fell below an objective standard of resonableness," this, of course, considering all of the surounding circumstances of the particular case and the facts viewed at the time of counsel's conduct." Strickland, 466 U.S. at 687-89. Second, if there was a deficiency, he must show that it prejudiced his defense. Id. at 694. A reasonable probability is one that is "sufficient to undermine confidence in the outcome." Id. at 694.

-7-

In other words, the prejudice component focuses on whether counsel's deficient performance renders the result of the proceedings unreliable or fundamentally unfair. Williams, 529 U.S. at 393, n. 17.

Here, the petitioner from the begining of the case adamantly discussed with his attorney the fact that he had absolutely no ties with any terrorists organizations, and that therefore, he wanted to challenge the charge of "Material Support to Terrorists."

In fact this declaration by the defendant/petitioner was continuous right up to and indeed at the day of the change of plea hearing, where the petitioner in fact told this Court Judge that "he did not know this "Deeb," perosn. To this however, he was merely told to lie and say that he did know Deeb or the plea deal was off. This type of coersion by an attorney together with the prosecutor having initiated it can only be described as the workings of a miscarriage of justice. The benchmark for judging any claim of ineffective assistance of counsel is whether counsel's conduct so undermined the proper functioning of the adversarial process as to render the proceedings inadequate. Strickland v. Washington. 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Here counsel was obviously not functioning as an officer of the court when instructing the client to merely lie to the court in order for it to accept a plea of guilty.

Counsel's action in this case as well as the actions of the U.S. Attorney presiding over the case resulted in intentional sentencing entrapment and/or manipulation. Sentencing manipulation has been described as occurring when the Governemnt engages in improper conduct the has the effect of increasing the defendant's sentence. See, e.g., United States v. Gomez, 103 F.3d 249, 256 (2d Cir. 1997). The First Circuit also has recognized such a doctrine in United States v. Montoya, 62 F.3d 1, 4 (1st Cir. 1995).

IN SUMMARY, to these presentments, it is respectfully contended that totality of the circumstances in this case warrant section 2255 relief. In the alternative, an evidentiary hearing should be ordered to further develope the record.

-8-



In re: MOUSSA ALI HAMDEN,

    Petitioner