IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 09-cr-744-4(SD) |
| | : | |
| V. | : | **TRAVERSE TO THE GOVERNMENT'S RESPONSE TO SECTION 2255 PETITION** |
| | : | |
| MOUSSA ALI HAMDAM | | |

---

**COMES NOW,** Moussa Ali Hamdam, (Petitioner) pro se, and will respectfully submit his "Traverse" the government's adverse response to his petition under 28 U.S.C. § 2255. The traverse is as follows:

The government's response basically presents two defenses to the § 2255 motion. (1) that the "waiver provision" pursuant to collateral review under § 2255 forecloses this avenue for relief, and (2) that the petitioner cannot establish by "convincing evidence" that the plea to the charge under 18 U.S.. § 2339B WAS "coerced" by his then representing attorney. Accordingly, petitioner will first readdress the coersion issue in response to the government's position thereto.

In a nut shell, the government relies completely upon the "telephonic conversations [the defendant/petitioner] had with Harb[,] regarding their 'planned fabrication and sale of counterfeit currency and that Hamdam was well-aware of Hizballah's crucial role in that endevore.'" Id. response at 8./passim.

To this the petitioner respectfully contends that the conversations at issue there are not reliable in that these conversations were initiated solely by the undercover agent the government refers to as "CHS" (Confidential Human Source). In other words this so caller admissiontto the elements of the offense were in reality mere product of entrapment. This is legally so because the defendant/petitioner was not, and cannot be established to having been "predisposed" to commiting such a crime.

-1-

Accordingly, a grave miscarriage of justice results here where an otherwise person whom is only predisposed to committing the minor offense of trafficking in stolen goods is entrapped into the ridiculous accusation of having connections to international terrorist organization(s).

The defense of entrapment serves to protect the public against a deception on the part of the government that induces a criminal act by "actually implanting the criminal design in the mind of the defendant." See, e.g., United States v. Russell, 411 U.S. 423, 436, 36 L.Ed. 2d 366, 93 S.Ct. 1637 (1973). Furthermore, a claim of entrapment requires proof that the defendant lacked predisposition to commit the crime. Id. This aspect of the defense is proven in this case by the entire record of the investigation and direct actions of the undercover agent. In other words, the defendant/petitioner never initiated any conversations nor conspiratorially natured acts pursuant to any ability to aquire counterfeit currency. Wherefore, the record as a whole in this case is the proof that is required in such an instance. It is well established that an entrapment occurs when the government induces a defendant who otherwise lacks predisposition. See, also **United States v. wright, 921 F.2d 42, 44 (3rd Cir. 1990)**, cert. denied, 501 U.S. 1207, 115 L.Ed.2d 976, 111 S.Ct. 2803 (1991). Both elements of this defense are clearly shown here by the record.

The government further presents that the defendant fully admitted to his guilty at the plea colloquy hearing. However, as stated in the §2255 motion, it was counsel that told him he had to lie and thereby admit to all aspects of the charges, or receive what would otherwise amount to a draconian sentence. Notwithstanding, it is also well established that a defendant who claims entrapment must first admit to the fact that were present all elements of the crime with which he or she was charged. United States v. Levin, 606 F.2d 47, 48-49 (3rd Cir. 1979)(per curiam); United States v. Watson, 489 F.2d 504, 507 (3rd Cir. 1973). This includes of course, the required "Mental State." United States v. Hill, 655 F.2d 512, 514 (3rd Cir, 1981). Accordingly, the response presents only that

the defendant/petitioner plead guilty to the offense as instructed by counsel. Moreover, the response presents no affidavit from counsel as to the coersion aspect of the claim, and therefore does not rebut the claim fully.

## "waiver" of Section 2255 Relief

Here, the government's response concedes that "[a] claim of ineffective assistance of counsel in connection with a plea is appropriate for a motion under 28 U.S.C. § 2255 and is not foreclosed by a defendant's waiver of appliate rights or collateral review." (Response at 4). The response however points out that such a claim is nevertheless subject to a "stingent test." Strickland v. Washington, 466 U.S. 668, 686 (1984). The two components being: "inadequate performance by counsel," and "prejudice resulting" therefrom. Id. Here, these two criteria are met, once again establishing the first by counsel's having been fully aware that the "CHS" involved in the case was the sole entity to have even brought up the aspect of counterfeit currency to the targeted defendant, and the prejudice prong is met by the fact that an otherwise person with absolutely no criminal record was so greatly enhanced as to sentencing exposure by the applicable advancement to category VI and the also greatly enhance offense level associated with the support to terrorists charge! Accordingly, the petitioner's case falls squarely within the criterion for for not being held to the waiver provision at issue here.

Wherefore, and in light of the response having not presented anything from counsel at issue, it is respectfully contended that an evidentiary hearing is required to fully construct the record for the Court's plenary review.

.Respectfully submitted,

CERTIFICATE OF FILING/SERVICE

        I hereby certify that I placed in the hands of the authorized corrections official here at FCI McKean for mailing by pre-paid 1st class U.S. postage, true and correct copy of my pro se "Traverse" as to my § 2255 motion and thereby served the interested parties as they are addressed below and on the date affixed:

_____
MOUSSA ALI HAMDAM
SWORN: 28c U.S.C. § 1746                               SEPTEMBER 22, 2014

U.S. DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
U.S. COURTHOUSE 601 MARKET STREET
PHILADELPHIA, PA 19106

RECEIVED
SEP 26 2014

OFFICE OF THE AUSA
FOR THE EASTERN DISTRICT OF PENNSYLVANIA